## DASCHKE v. SCHELLENBERG.

EQUITY PLEADING—DEMURRER TO AMENDED BILL—WAIVER OF OBJECTIONS.

 Where a bill of complaint, which has been amended after a demurrer thereto has been sustained, is again demurred to for a defect which existed in the original bill, but which was not set up in the former demurrer, and complainant not only goes to a hearing on the second demurrer without objection, but admits that the defect assigned cannot be remedied, he will be deemed to have waived any irregularity in the practice.

Appeal from Wayne; Donovan, J. Submitted April 24, 1902. (Docket No. 142.) Decided June 17, 1902.

Bill by John Daschke and Charles Daschke, copartners as John Daschke & Co., against Harry L. Schellenberg, to enforce a mechanic's lien. From a decree dismissing the bill on demurrer, complainants appeal. Affirmed.

*James D. May* ( *Thomas J. Mahon,* of counsel), for complainants.

*Harry L. Schellenberg, in pro. per.*

MONTGOMERY, J.  Bill to enforce a mechanic's lien. The decree entered in the circuit court is, in part, as follows:

"The demurrer of the defendant to the bill of complaint having been duly brought for argument, and it appearing to the court that a former demurrer having been sustained, and the said complainants having had leave of the court to amend their said bill of complaint, and that an amended bill of complaint has been filed therein, and that said amended bill of complaint does not contain any allegations that proof of service of statement of lien has been filed with the register of deeds, and it appearing by admission of counsel for complainants that no such proof was actually filed, and that therefore complainants are unable to further amend by adding such a statement, * * * it is ordered that the demurrer be, and the same is hereby, sustained, and that the said bill of complaint be dismissed," etc.

The sole point raised on appeal is that the same defect having existed in the original bill, and the original demurrer having assigned but a single ground,—the omission to verify under oath,—the point cannot now be raised by a demurrer to the amended bill.  Upon this point counsel cite *Munch* v. *Shabel,* 37 Mich., at page 168.

If we assume that correct practice required defendant to answer over the complainants' amended bill, and that the second demurrer was irregular, the complainants should have met it by a motion to strike.  Instead of doing this, the case is brought to a hearing on demurrer, without apparent objection.  Not only this, but, as appears by the decree, complainants admit that the defect which the circuit judge found in the bill could not be remedied. The record does not disclose that at any stage the circuit judge was apprised of any objection to a determination of the questions raised on demurrer.  We think the com-

plainants must, under these circumstances, be held to have waived any objection to the practice.

No argument is presented on the merits, and the decree will therefore be affirmed.

HOOKER, C. J., MOORE and GRANT, JJ., concurred. LONG, J., did not sit.